**James G. SARAH, Plaintiff–Appellant,**

v.

**Brenda THOMPSON, Nurse,
Defendant–Appellee.**

**No. 03–2633.**

United States Court of Appeals,
Sixth Circuit.

Sept. 15, 2004.

James G. Sarah, Alger Maximum Correctional, Munising, MI, for Plaintiff–Appellant.

Julia R. Bell, Asst. Atty. General, Office of the Attorney General, Corrections Division, Lansing, MI, for Defendant–Appellee.

Before: SUTTON and COOK, Circuit Judges; and ALDRICH, District Judge.*

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

James G. Sarah appeals pro se from a district court judgment that dismissed his civil rights action filed pursuant to 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Sarah filed this civil rights action against Brenda Thompson, a prison nurse. Sarah alleged that Thompson violated his First and Eighth Amendment rights by being deliberately indifferent to his serious medical needs in retaliation for filing a lawsuit against her.

Sarah has been prescribed ibuprofen for intermittent pain in his hand since December 2000. After correctional officers confiscated four bottles of ibuprofen from his cell, the prison physician changed Sarah's prescription to "unit dose," which requires Sarah to request each individual dose of ibuprofen. Sarah alleged that Thompson, while making her medication rounds, refused his requests for ibuprofen on twelve different days between June 12 and July 15, 2002. Sarah also alleged that Thompson made statements indicating that her refusal to dispense ibuprofen was in retaliation for one of Sarah's lawsuits naming Thompson as a defendant.

Despite Sarah's failure to demonstrate that he had exhausted his available administrative remedies, a magistrate judge issued a report recommending that summary judgment be granted to Thompson because she was entitled to qualified immunity. See 42 U.S.C. § 1997e(c)(2). The magistrate judge found that Sarah failed to establish a violation of either his First or Eighth Amendment rights. In addition, the magistrate judge recommended the denial of Sarah's motion for a temporary restraining order (TRO) or preliminary injunction. Over Sarah's objections, the district court adopted the magistrate judge's recommendation.

We review a district court's grant of summary judgment de novo. *Toms v. Taft*, 338 F.3d 519, 524 (6th Cir.2003). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

■ The district court properly granted Thompson summary judgment on Sarah's Eighth Amendment claim. A viable Eighth Amendment claim has objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is "sufficiently serious." *Id.* Not "every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir.1997). In evaluating whether a medical need is sufficiently serious, the Ninth Circuit has considered the following factors: "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir.1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997).

Sarah failed to allege that the denial of his requests for ibuprofen affected his daily activities or resulted in chronic and substantial pain. Sarah's brief on appeal is devoid of any attempt to provide evidence

contradicting the district court's finding that he had not established a sufficiently serious medical need. Nor did Sarah place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment. *See Napier v. Madison County, Ky.,* 238 F.3d 739, 742 (6th Cir.2001). The district court properly granted Thompson summary judgment on this issue.

■ We affirm the district court's judgment granting Thompson's motion for summary judgment in relation to Sarah's First Amendment retaliation claim, but for reasons different from those relied on by the district court. *Andrews v. Ohio,* 104 F.3d 803, 808 (6th Cir.1997) (holding that this court can affirm on any ground supported by the record, even if not cited by the district court). A retaliation claim entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999).

The district court granted summary judgment upon the grounds that Sarah could not establish the third element. In so doing, it improperly made credibility determinations and weighed the evidence. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We affirm the district court's judgment upon the alternative grounds that Sarah failed to meet his burden of establishing that Thompson's actions were sufficiently severe to deter a person of ordinary firmness from exercising his rights. In addressing the second element, Sarah has an evidentiary burden to establish "that the retaliatory acts amounted to more than a de minimis injury." *Bell v. Johnson,* 308 F.3d 594, 606 (6th Cir.2002).

Sarah made no attempt to meet this burden except in conclusory fashion. Without a showing that the deprivation Sarah allegedly suffered caused him more than a de minimis injury, summary judgment was properly granted to Thompson. *See id.* at 603.

■ Finally, Sarah asserts that the district court improperly denied his motion for a TRO or preliminary injunction. As Sarah did not establish a violation of a constitutional right, we conclude that the district court did not abuse its discretion in denying Sarah's motion.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.